## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ALEX TRINIDAD** | ) | |
| c/o Goldenberg Schneider, LPA | ) | **Case No. 1:15-cv-00091** |
| One West 4th Street, 18th Floor | ) | |
| Cincinnati, OH 45202 | ) | |
| | ) | |
| individually, and on behalf of all those similarly | ) | |
| situated, | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| **Plaintiff,** | ) | |
| | ) | **(WITH JURY DEMAND)** |
| **vs.** | ) | |
| | ) | |
| **WAL-MART STORES, INC.** | ) | |
| c/o The Corporation Trust Company | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE  19801 | ) | |
| | ) | |
| | ) | |
| **JOHN DOE DEFENDANTS 1-100** | ) | |
| Names and Addresses Unknown | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Alex Trinidad ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart").  All allegations made in this Complaint are based upon information and belief except those allegations that pertain to Plaintiff, which are based on personal knowledge.  Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

### NATURE OF THE ACTION

1.     On February 2, 2015, the New York State Attorney General's office released test results of DNA testing it recently performed on several brands of popular herbal dietary

supplements.[1]  The purpose of the Attorney General's investigation was to determine whether contaminants and fillers had been substituted for authentic product.

2.      One brand of herbal supplements subject to testing by the Attorney General was "Spring Valley" brand of dietary supplement products sold and distributed exclusively by Wal-Mart.   The particular types of "Spring Valley" supplements tested included Gingko Biloba, St. John's Wort, Ginseng, and Echinacea.  The Attorney General's tests revealed that the contents of the dietary supplements were consistently either unrecognizable or a substance other than what they claimed to be.  Based on these findings, the Attorney General concluded that the "Spring Valley" brand of Gingko Biloba, St. John's Wort, Ginseng, and Echinacea constituted "contaminated" and/or "substituted products" (the "Misbranded Supplements").

3.      Plaintiff has purchased multiple units of the Misbranded Supplements.  In doing so, Plaintiff reasonably relied on Wal-Mart's representations that the Misbranded Supplements were what they purported to be – herbal dietary supplements containing the ingredients reflected on the label.  Instead, Plaintiff purchased worthless products made up of useless substances believed to include allium, pine, wheat/grass, rice mustard, citrus, dracaena (houseplant), and cassava (tropical tree root).

4.      Plaintiff brings this proposed class action for damages and injunctive relief on behalf of himself and all other persons and entities nationwide who purchased the Misbranded Supplements from Wal-Mart.

## JURISDICTION & VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000

---

[1] *See* http://www.ag.ny.gov/press-release/ag-schneiderman-asks-major-retailers-halt-sales-certain-herbal-supplements-dna-tests (last accessed Feb 6, 2015).

and Plaintiff and certain members of the Class are citizens of states different from that of Wal-Mart.

6.     The Court has personal jurisdiction over Wal-Mart because the alleged wrongdoing occurred in Ohio and because Wal-Mart has sufficient minimum contacts with Ohio and has otherwise intentionally availed itself of the markets in Ohio.

7.     Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 (b)-(c) and 1441(a), because Wal-Mart is a corporate entity that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Wal-Mart's contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

8.     Plaintiff Alex Trinidad is an Ohio citizen residing in Hamilton County.

9.     Wal-Mart is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.  At all relevant times, Wal-Mart has been the exclusive distributer and seller of "Spring Valley" brand of herbal dietary supplements.  Upon information and belief, Wal-Mart also manufacturers and labels "Spring Valley" brand of herbal dietary supplements.

10.     In the alternative, Plaintiff alleges that John Doe Defendants 1-100 manufacture and label the "Spring Valley" brand of herbal dietary supplements.  The names and addresses of John Doe Defendants 1-100 are currently unknown.  Wal-Mart and Defendant John Doe manufacturers are collectively referred to as the "Defendants."

## FACTUAL ALLEGATIONS

11.     On January 2, 2015, New York Attorney General Eric T. Schneiderman sent a demand letter to Wal-Mart ordering it to immediately cease and desist engaging in the sale of the Misbranded Supplements.[2]  The Misbranded Supplements include "Spring Valley" brand Gingko Biloba, St. John's Wort, Ginseng, and Echinacea supplements.

12.     An expert in DNA barcoding technology, Dr. James A. Schulte II of Clarkson University in Potsdam, N.Y., was hired by the Attorney General's office to perform the testing. DNA barcodes are short genetic markers in an organism's DNA and are used to identify it as belonging to a particular species.  Barcodes provide an unbiased, reproducible method of species identification.  Barcodes can be used to determine the exact plant species being tested.

13.     By using DNA barcoding technology, Dr. Schulte was able to determine that all of the Misbranded Supplements contained substances that were either unrecognizable or a substance other than what they claimed to be.  Of the 90 DNA test run on 18 bottles of herbal products purchased, DNA matched label representation 4% of the time.  Contaminants identified included allium, pine, wheat/grass, rice mustard, citrus, dracaena (houseplant), and cassava (tropical tree root).

14.     Based on Dr. Schulte's test results, the Attorney General concluded that the supplement products constituted contaminated and/or substituted products.  Because contamination, substitution, and falsely labelling herbal products constitute deceptive business practices and pose a considerable health risk to consumers, the Attorney General demanded that Wal-Mart cease selling the Misbranded Supplements in New York State.

---

[2] A copy of the New York Attorney General's February 2, 2015 cease and desist letter is attached as Exhibit A.

15.     Plaintiff is a regular consumer of herbal dietary supplements and made multiple purchases of Misbranded Supplements from Wal-Mart stores at least from 2009 through 2014. In making his purchases, Plaintiff reasonably relied on Defendants' representations that the Mislabeled Supplements were what they purported to be – herbal dietary supplements containing the ingredients reflected on the label.  Had Defendants' correctly and accurately identified the contents of the Misbranded Supplements (e.g., allium, rice, wheat, palm, daisy, and dracaena), Plaintiff would not have purchased the Misbranded Supplements.

16.     The Misbranded Supplements were and are worthless as a matter of law, because they fail to contain the advertised ingredients and, in fact, contain numerous ingredients that are not disclosed.  Accordingly, Plaintiff and the Class Members are entitled to a full return of the purchase price of the Misbranded Supplements.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action on behalf of himself and all others similarly situated under Fed. R. Civ. P. 23(b)(2) and (b)(3).

18.     Subject to confirmation, clarification, and/or modification based on discovery to be conducted in this action, Plaintiff seeks to represent a nationwide class (the "Class") defined as follows:

> During the fullest period allowed by law, all persons and entities nationwide that purchased, not for resale, "Spring Valley" brand Misbranded Supplements, including but not limited to Gingko Biloba, St. John's Wort, Ginseng, or Echinacea. [3]

---

[3] Excluded from the Class are (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

19.     Subject to confirmation, clarification and/or modification based on discovery to be conducted in this action, Plaintiff also seeks to represent an Ohio consumer subclass ("Ohio Subclass") defined as follows:

> During the fullest period allowed by law, all consumers in the State of Ohio that purchased, not for resale, "Spring Valley" brand Misbranded Supplements, including but not limited to Gingko Biloba, St. John's Wort, Ginseng, or Echinacea.[4]

20.     As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and/or the members of the Ohio Subclass, including Plaintiff.

21.     Plaintiff seeks only damages and injunctive relief on behalf of himself and the Class Members.  Plaintiff disclaims any intent or right to seek any recovery in this action for personal injuries suffered by Plaintiff and/or the Class Members.

22.     While the exact number of Class Members is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the Nationwide Class and/or Ohio Subclass is ascertainable based upon, *inter alia*, the records maintained by Defendants. Upon information and belief, Defendants sold many thousands of units of Misbranded Supplements nationwide during the relevant time period, all of which constitute contaminated and/or substituted products.  Moreover, upon information and belief, Defendants sold at least hundreds of units of Misbranded Supplements in the state of Ohio.  Therefore, the Class Members are so numerous that individual joinder of all Class Members is impracticable under Fed. R. Civ. P. 23(a)(1).

---

[4] Excluded from the Subclass are (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

23.     Common questions of law and fact exist as to all Class Members, as required by Fed. R. Civ. P. 23(a)(2), and final injunctive relief is appropriate respecting the Class as a whole because Defendants have acted or refused to act on grounds that generally apply to the Class, within the meaning of Fed. R. Civ. P. 23(b)(2).  These common legal and factual questions include:

a.   whether the Misbranded Supplements' labels misstate the packages' actual contents;

b.   whether Defendants knew that the Misbranded Supplements contained inaccurate labels when they manufactured, processed, packaged, distributed, and/or sold them;

c.   whether Defendants concealed the actual contents of the Misbranded Supplements;

d.   whether Defendants breached a contract with Plaintiff and the Class Members;

e.   whether Defendants' actions violate Ohio consumer protection laws;

f.   whether Plaintiff and the Class Members have suffered damages as a result of the conduct alleged herein, and if so, the measure of such damages; and

g.   whether Plaintiff and the Class Members are entitled to injunctive relief.

24.     Plaintiff's claims are typical of the claims of the Class Members whom he seeks to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiff and each Class Member purchased Misbranded Supplements.

25.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members as required by Fed. R. Civ. P. 23(a)(4).  Plaintiff's interests do not conflict with the interests of the Class Members.  Further, Plaintiff has retained counsel competent and

experienced in complex class action litigation, including herbal supplement and nutraceutical class action litigation, and Plaintiff intends to prosecute this action vigorously.  Therefore, the interests of the Class Members will be fairly and adequately protected.

26.     A class action is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members. Also, a class action is superior to all other available means for fairly and efficiently adjudicating the controversy.  In this regard, the Class Members' interests in individually controlling the prosecution of separate actions is low given the magnitude, burden, and expense of individual prosecutions against large corporations such as Defendants.  It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits.  Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case.  By contrast, the class action procedure here will have no management difficulties. The Class is ascertainable and the same common documents and testimony will be used to prove Plaintiffs' claims as well as the claims of the Class Members.  Finally, proceeding as a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

27.     A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because, as stated above, Defendants have acted or refused to act on grounds that apply generally to the Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class Members.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

### (Asserted on behalf of Nationwide Class)

28.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

29.     Defendants, through their product labels, packaging, advertisements, websites, and other marketing materials, made uniform representations and offers regarding the contents of the Misbranded Supplements.

30.     Plaintiff and Class Members, by purchasing the Misbranded Supplements, accepted Defendants' offer and paid consideration by way of paying the purchase price.

31.     Defendants, Plaintiff, and Class Members had the legal capacity to enter into such contracts.

32.     Defendants breached the contracts by not upholding their end of the bargain, namely by providing a product that does not contain the represented contents.

33.     As a result of Defendants' breach, Plaintiff and the Class Members were deprived of the benefit of the bargain and were damaged.

## SECOND CLAIM FOR RELIEF

### Breach of Express Warranty

### (Asserted on behalf of Nationwide Class)

34.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

35.     In designing, packaging, importing, marketing, distributing, and/or selling the Misbranded Supplements, Defendants made express representations to Plaintiff and the Class Members that the Misbranded Supplements contained the ingredients stated on the product labels.

9

36.     These representations were aimed at consumers, including Plaintiff and the Class Members, and Plaintiff and the Class Members purchased the Misbranded Supplements based on the reasonable expectation that the Misbranded Supplements would contain the represented contents.

37.     Because the Misbranded Supplements do not contain the ingredients Defendants represented them to contain, Defendants breached their express warranties, causing Plaintiff and the Class Members to be damaged.

38.     Accordingly, Plaintiffs and Class Members are entitled to recover damages they suffered as a result of Defendants' actions.

**THIRD CLAIM FOR RELIEF**

**Breach of Implied Warranty of Merchantability**

**(Asserted on behalf of Nationwide Class)**

39.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

40.     In designing, packaging, marketing, distributing, and/or selling the Misbranded Supplements, Defendants warranted that the Misbranded Supplements contained the ingredients reflected on the product labels.

41.     Defendants breached the warranty implied in the contract for the sale of the Misbranded Supplements because the Misbranded Supplements could not pass without objection in the trade under the label description, the goods were not of fair average quantity within the description, and the goods were unfit for their intended and ordinary purpose.  Accordingly, Plaintiff and the Class Members did not receive goods as impliedly warranted by Defendants to be merchantable.

10

42.     Plaintiff and the Class Members purchased the Misbranded Supplements in reliance upon Defendants' skill and judgment and the implied warranties of fitness for their intended and ordinary purpose.

43.     The Misbranded Supplements were not altered by the Plaintiff or the Class Members.

44.     The Misbranded Supplements were defective when they left the exclusive control of Defendants.

45.     Defendants knew that the Misbranded Supplements would be purchased and consumed without additional testing by Plaintiff and Class Members.

46.     The Misbranded Supplements were defectively designed and unfit for their intended purpose, and Plaintiff and the Class Members did not receive the goods as warranted.

47.     As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and Class Members have been injured and harmed because (i) they would not have purchased the Misbranded Supplements on the same terms if they had known the products' true contents; (ii) they paid a price premium for the Misbranded Supplements based on Defendants' representations that they contained the labeled contents; and (iii) the Misbranded Supplements did not have the characteristics, ingredients, uses, benefits, or quantities promised.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment / Common Law Claim For Restitution

### (Asserted on Behalf of Nationwide Class)

48.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

49.     Because of their wrongful acts and omissions, Defendants charged a higher price for the Misbranded Supplements than the products' true value and Defendants obtained monies which rightfully belong to the Plaintiff and Class Members.

50.     Defendants enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and Class Members.  It would be inequitable and unjust for Defendants to retain these wrongfully obtained profits.

51.     Plaintiff, therefore, seeks an order requiring Defendants to make restitution to him and the Class Members.

## FIFTH CLAIM FOR RELIEF

### Negligent Misrepresentation

### (Asserted on Behalf of Nationwide Class)

52.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

53.     Defendants made representations to Plaintiff and Class Members regarding the contents of the Misbranded Supplements that were not true.

54.     Defendants had no reasonable grounds for believing these representations were true when they made them, yet they intended that Plaintiff and the Class Members would rely on these representations.

55.     Plaintiff reasonably relied on Defendants' representations and as a result Plaintiff and members of the Class were harmed.

## SIXTH CLAIM FOR RELIEF

### Violation of Ohio Consumer Sales Practices Act

### (Asserted on Behalf of Ohio Subclass)

56.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

57.     The Ohio Consumer Sales Practices Act, O.R.C. § 1345.02, prohibits unfair or deceptive acts or practices in connection with a consumer transaction.  For example, the Act prohibits suppliers from representing that goods have characteristics or uses or benefits which they do not have.  The Act also prohibits suppliers from representing that their products or goods are of a particular standard, quality, or grade they are not; that the products or goods have been supplied in accordance with a previous representation, if they have not; and that the transaction involves a warranty, rights, remedies, or obligations if that representation is false.  Defendants' actions as described throughout this Complaint violate each of these provisions.

58.     The Ohio Consumer Sales Practices Act, O.R.C. § 1345.03, also prohibits unconscionable acts or practices in connection with a consumer transaction which includes the circumstances at issue here where Defendants have knowingly taken advantage of the inability of consumers reasonably to protect their interests because of the consumers' ignorance of actual contents of the Misbranded Supplements.

59.     Each Defendant is a "supplier" as that term is defined in O.R.C. § 1345.01(C).

60.     Plaintiff and the members of the Ohio Subclass are "consumers" as that term is defined in O.R.C. § 1345.01(D).

61.     Defendants' conduct alleged above constitutes unfair, deceptive, and unconscionable acts and practices in connection with a consumer transaction in violation of O.R.C. § 1345.02 and § 1345.03.

62.     Defendants' conduct as alleged above constitutes an act or practice previously declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 and previously determined by Ohio courts to violate Ohio's Consumer Sales Practices Act and was committed after the decisions containing these determinations were made available

13

for public inspection under division (A)(3) of O.R.C. § 1345.05.  These cases included, but are

not limited to:  *Parker v. Berkeley Premium Nutraceuticals, Inc*., Case No. 04CV1903, PIF No.

10002334 (C.P. Montgomery, 3-7-05);  *State ex. Rel Petro v. Berkeley Premium Nutraceuticals,*

*Inc*., Case No. 05CVH-06-6479, PIF No. 10002409, (C.P. Franklin Mar. 2, 2006); *State of Ohio*

*ex rel. Celebreeze, Jr. v. Cupid's Corner, Inc. et al*., Case No. 39883 (C.P., Cuyahoga Co., Dec.

12, 1984); *State of Ohio ex rel. Brown v. Interstate Warranty Co*., Case No. 82-1301 (C.P.,

Lucas May 27, 1982); *State of Ohio ex rel. Celebreeze v. Ferraro*, 63 Ohio App.3d 168, 578

N.E.2d 492 (Montgomery Cty. 1989); *Fletcher v. Don Foss of Cleveland, Inc*., 90 Ohio App.3d

82, 628 N.E.2d 60 (Cuyahoga Cty. 1993); *State ex rel. Fisher v.  Warren Star Theater*, 84 Ohio

App.3d 435, 616 N.E.2d 1192 (Trumbull Cty. 1992); *Brown v. Lyons*, 43 Ohio Misc. 14, 332

N.E.2d 380 (C.P. 1974); *State ex rel. Celebreeze v. Lewis Auto Sales, Inc*., Case No. 82-2039

(C.P., Montgomery, 2-11-83); *State ex rel. Brown (Celebreeze) v. Sandpiper Pool & Products*

*Co. Inc.*, Case No. 79-525-L (C.P., Richland, Mar. 29, 1982); *State ex rel. Celebreeze v. Mosley,*

*Nationwide Promotions*, Case No. 87 CV-04-2228 (C.P., Franklin Co., May 8, 1987); *State ex*

*rel. Brown v. Silzar, Inc*., Case No. 78-2552 (C.P. Montgomery, Mar. 21, 1980); *State ex rel.*

*Montgomery v. Marcum dba Custom Home Improvements*, Case No. 01 CVH 0403650 (C.P.

Franklin, Jan. 16, 2001); *State ex rel. Celebreeze v. Moore, Bob's Appliance Services*, 1987 WL

421778, Case No. 86CV-02-1297 (C.P., Franklin, April 30, 1987); *Wrobel v. Carpets by Otto*,

Case No. 98-00910 (Toledo Muni. Ct., Lucas, February 19, 1998); *State ex rel. Fisher v.*

*National Information Group*, Case No. 93 CVH09-6323 (C.P., Franklin, October 19, 1994);

*State ex rel. Fisher v. Collins dba Ken Scott Appliance*, Case No. 199286 (C.P., Cuyahoga, June

29, 1992); *State ex rel. Montgomery v. White dba Harvest Auto Body Shop*, Case No. 95 CVH

107591 (C.P. Franklin, April 18, 1997); and *Bonded Home Care v. Chase*, Case No. 80 CVF

3775 (Muni. Ct., Montgomery, June 24, 1981).

63.     Defendants' conduct caused damages to Plaintiff and the members of the Ohio

Subclass as alleged.

64.     Accordingly, Plaintiff and the members of the Ohio Subclass are entitled to

recover damages and attorneys' fees pursuant to O.R.C. § 1345.

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**Violation of Ohio Deceptive Trade Practices Act**

**(Asserted on Behalf of Ohio Subclass)**

65.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

66.     Defendants' conduct as alleged herein violated Ohio's Deceptive Trade Practices

Act.  More specifically, by representing during all relevant time periods that the Misbranded

Supplements contain ingredients they do not contain, Defendants violated O.R.C. §§ 4165.02

(A)(1) ("[p]asses off goods or services as those of another"); 4165.02(A)(2) ("[c]auses likelihood

of confusion or misunderstanding as to the source, sponsorship, approval, or certification of

goods or service"); 4165.02(A)(7) ("[r]epresents that goods or services have sponsorship,

approval, characteristics, ingredients, uses, benefits, or quantities that they do not have");

4165.02(A)(9) ("[r]epresents that goods or services are of a particular standard, quality, or grade,

or that goods are of a particular style or model, if they are of another"); and 4165.02(A)(11)

("[a]dvertises goods or services with intent not to sell them as advertised").

67.     Such representations, individually and collectively, were made by Defendants in

the course of their business, and in violation of O.R.C. §4165.02, in that Defendants represented

that the Misbranded Supplements have characteristics benefits and qualities that they do not have.

68.     By making such representations, individually and collectively, Defendants willfully engaged in a deceptive trade practices listed in O.R.C. §4165.02, knowing them to be deceptive.

69.     Plaintiff and the Ohio Subclass have been injured as a direct and proximate result of Defendants' violation of O.R.C. § 4165.02, and were damaged in an amount that will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the proposed Class and Ohio Subclass, prays for judgment as follow:

a.     Certification of the Class and Ohio Subclass under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and Ohio Subclass and his counsel as Class counsel;

b.     Compensatory and other damages identified herein;

c.     Awarding restitution and disgorgement of Defendants' revenues or profits to Plaintiff and the members of the proposed Class and Ohio Subclass as permitted by applicable law;

d.     An Order requiring Defendants to cease and desist from engaging in wrongful conduct and to engage in a corrective advertising campaign;

e.     Statutory pre-judgment and post-judgment interest on any amounts;

f.     Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

g.      Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.


Respectfully submitted,


/s/Jeffrey S. Goldenberg
Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Robert B. Sherwood (0084363)
Goldenberg Schneider, LPA
One West Fourth Street, 18th Floor
Cincinnati, Ohio  45202
Phone:  (513) 345-8291
Fax:  (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com
rsherwood@gs-legal.com

Christian A. Jenkins (0070674)
Minnillo & Jenkins, Co. LPA
2712 Observatory Avenue
Cincinnati, Ohio  45208
Phone:  (513) 723-1600
Fax:  (513) 723-1620
cjenkins@minnillojenkins.com

James C. Shah
Nathan C. Zipperian
Shepherd, Finkelman, Miller & Shah, LLP
35 E. State Street
Media, PA  19063
Phone: (610) 891-9880
Fax: (610) 891-9883
jshah@sfmslaw.com
nzipperian@sfmslaw.com

Beth E. Terrell
Toby J. Marshall
Terrell Marshall Daudt & Willie, PLLC
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Phone: (206) 816-6603
Fax: (206) 319-5450
bterrell@tmdwlaw.com
tmarshall@tmdwlaw.com

Jayne A. Goldstein
Pomerantz LLP
1792 Bell Tower Lane, Suite 203
Weston, Florida 33326
Phone: (954) 315-3454
Fax: (954) 315-3455
jagoldstein@pomlaw.com

Matthew J. Zuchetto, WSBA #33404
Boyd M. Mayo, WSBA #43752
The Scott Law Group, P.S.
926 W. Sprague Avenue, Suite 680
Spokane, Washington 99201
Telephone:  (509) 455-3966
scottgroup@me.com